or title in the judgment. A replication was filed to such plea denying the assignment. There was a judgment entered in favor of plaintiff on a directed verdict, and to reverse the judgment, defendant prosecutes a writ of error.

KEITHLEY & KEITHLEY, for plaintiff in error.

JUDSON STARR, for defendant in error.

MR. JUSTICE WHITNEY delivered the opinion of the court.

### Abstract of the Decision.

JUDGMENT, § 616*—*what not a defense to scire facias to revive judgment.* On scire facias to revive a judgment, where the defendant pleaded as a defense that the plaintiff had assigned the judgment to a third party pursuant to a contract entered into between them and such third party, and a replication was filed to the plea, *held* that the contract, though admitted in evidence, constituted no defense to the action and that the court did not err in refusing to admit it in evidence, there being no offer to show, payment of the judgment, and no evidence to show the judgment had been assigned; and also *held* that even if it had been assigned such assignment would constitute nó defense to the action, since the assignee could recover in a suit brought in the name of the assignor.

---

## Swan Carlson, Appellee, v. Chicago Great Western Railroad Company, Appellant.

### Gen. No. 5,919. (Not to be reported in full.)

Appeal from the Circuit Court of De Kalb county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the April term, 1914. Reversed with finding of facts. Opinion filed July 31, 1914.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by Swan Carlson against Chicago Great Western Railroad Company to recover for stock killed by defendant's train. The declaration consisted of two counts, the first alleging failure to give statutory signals and the second alleging negligent operation of the train. From a judgment in favor of plaintiff, defendant appeals.

Faissler, Fulton & Roberts, for appellant.

H. S. Earley, for appellee.

Mr. Justice Whitney delivered the opinion of the court.

## Abstract of the Decision.

Railroads, § 876*—*when evidence insufficient to show negligence in killing of stock.* In an action against a railroad company to recover the value of a mare and colt which had escaped to the highway and were killed by being struck by a train, a recovery for plaintiff *held* not sustained by any evidence showing negligence on the part of the company, it not appearing that the engineer or firemen saw the animals, and not appearing inconsistent with the theory that they rushed on the track in front of the train because of being frightened.

---

## John Schick, Appellant, v. Otto C. Smith, Appellee.

### Gen. No. 5,923.

1. Vendor and purchaser, § 317*—*when verdict disallowing recovery of purchase money sustained by the evidence.* Where, in an action for a balance of the purchase price claimed to be due for land sold by plaintiff to defendant and a certain sum alleged to be due for some hay, the defense was that defendant had paid the full amount of the purchase price agreed on for the land and that plaintiff had agreed to board with defendant for the value of the

---

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.